UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

YULY ARONSON : 
: COMPLAINT
:
Plaintiff, : Index No. 07 CIV 9405
: Assigned to Judge McMahon
- Against -
:
:
ANTHONY BRANCA, :
:
Defendant. :
:
:
---------------------------------------------------------------x

**NATURE OF THIS ACTION**

1.    This is a proceeding to recover losses sustained by Plaintiff due to the fraudulent actions of Defendant in his capacity  (1) as a Certified Public Account ("CPA") retained by Plaintiff and entities in which Plaintiff held and holds interests and (2) as a fellow shareholder and Member of entities in which Plaintiff was and is a shareholder and Member.  Simply stated, Defendant utilized his position as a CPA and shareholder and Member to defraud and embezzle monies and property in which Plaintiff held an interest, by forging the signature of Plaintiff on checks made payable to Defendant, and by submitting false expense invoices to Plaintiff and the entities in which Plaintiff held and holds an interest, in order to obtain wrongfully payments to Defendant. In addition, upon information and belief, Defendant has wrongfully conveyed property interests of Plaintiff to himself by forging the signature of Plaintiff on corporate documents.   As a result, Plaintiff has been damaged in excess of $750,000.

**THE PARTIES and JURISDICTION**

2.      Plaintiff is an individual who resides in Connecticut.

3.      Upon information and belief, Defendant is an individual who resides in Bedford, NY.

4.      Diversity jurisdiction of this Court is founded upon 28 U.S.C. § 1332 as Plaintiff is a citizen of the state of Connecticut and the Defendant is a citizen of New York and the matter in controversy exceeds Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) (3), because a substantial number of the events or omissions giving rise to the claims herein occurred within this District or were committed here, and pursuant to 28 U.S.C. § 1391 (a) (1) and (3) because the Defendant resides in this judicial district and is subject to personal jurisdiction here.

ALLEGATIONS and FACTS

6.      Plaintiff was and is the sole shareholder in May Construction Co., Inc ("May Construction") a  New York corporation.

7.      Defendant is a CPA and Plaintiff retained the services of Defendant in his capacity as a CPA on behalf of May Construction during the period of 1994 through the present.

8.      As a result of concern by Plaintiff that funds in the account of May Construction were being misappropriated, Plaintiff began to review random checks of May Construction and learned that Defendant  had forged the  signature of Plaintiff on checks  made payable to  Defendant.

9.    Plaintiff also became aware through the random review of checks, that Defendant had negotiated checks in amounts that had no correlation to work performed by Defendant in his capacity as a CPA.

10.    Plaintiff and Defendant were also shareholders in an entity known as Windward Holdings, Corp. ("Windward Holdings") and fellow members of an entity known as Bearhill, LLC ("Bearhill").

11.    As part of his contribution as a shareholder of Windward Holdings, LLC and a Member of Bearhill, Defendant acted in his capacity as a CPA and maintained the books and records of those entities.

12.    Defendant has submitted documents to Plaintiff regarding the alleged expenses and payment of expenses relating to Windward Holdings, LLC and these documents evidence the misappropriation of funds by Defendant.

13.    Defendant has also submitted documents to Plaintiff regarding the alleged expenses and payment of expenses relating to Bearhill and these documents evidence the misappropriation of funds by Defendant.

14.    In addition, upon information and belief, Defendant has wrongfully conveyed property interests of Plaintiff to himself by forging the signature of Plaintiff on corporate documents.


### -AS AND FOR A FIRST CAUSE OF ACTION-

15.    Plaintiff repeats and realleges ¶'s 1- 14 as if fully set forth herein.

16.     In his capacity as the CPA to May Construction, the entity owned by Plaintiff, Defendant owed a fiduciary duty to perform his accounting duties professionally and ethically.

17.     The known forgeries by Defendant which resulted in payments to Defendant and his accounting firm through the account of May Construction, is a breach of the fiduciary duty owed to Plaintiff.

18.     Upon information and belief, Defendant engaged in additional acts of forgery and wrongful payments to himself and to his accounting firm through the account of May Construction, and those actions are also in breach of the fiduciary duty owed to Plaintiff.

19.     Plaintiff has sustained damages in excess of $75,000 as a result of the breach of fiduciary duty by Defendant.

20.     Plaintiff requests Judgment in an amount in excess of $75,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

### -AS AND FOR A SECOND CAUSE OF ACTION-

21.     Plaintiff repeats and realleges ¶'s 1- 20 as if fully set forth herein.

22.     As part of his contribution as a shareholder of Windward Holdings, LLC, Defendant acted in his capacity as a CPA and maintained the books and records of that entity. In his capacity as the CPA to Windward Holdings, Defendant owed a fiduciary duty to plaintiff to perform his accounting duties professionally and ethically.

22.     By submitting false invoices to Plaintiff in order to obtain payments from Plaintiff, the Defendant is in a breach of the fiduciary duty owed to Plaintiff.

23.    Plaintiff has sustained damages in excess of $20,000 as a result of the breach of fiduciary duty by Defendant.

24.    Plaintiff requests Judgment in an amount in excess of $20,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

### -AS AND FOR A THIRD CAUSE OF ACTION-

25.    Plaintiff repeats and realleges ¶'s 1- 24 as if fully set forth herein.

26.    As part of his contribution as a Member of Bearhill, Defendant acted in his capacity as a CPA and maintained the books and records of that entity In his capacity as the CPA to Bearhill, Defendant owed a fiduciary duty to plaintiff and Bearhill to perform his accounting duties professionally and ethically.

27.    By submitting false  invoices to Plaintiff in order to obtain payments from Plaintiff the Defendant is a breach of the fiduciary duty owed to Plaintiff.

28.    Plaintiff has sustained damages in excess of $20,000 as a result of the breach of fiduciary duty by Defendant.

29.    Plaintiff requests Judgment in an amount in excess of $20,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

### -AS AND FOR A FOURTH CAUSE OF ACTION-

30.    Plaintiff repeats and realleges ¶'s 1- 29 as if fully set forth herein.

31.    Through his retention as a CPA to May Construction, the entity owned solely be Plaintiff, Defendant had a contractual obligation to Plaintiff to perform his accounting duties professionally and ethically.

32.    The known forgeries and payments by Defendant and his accounting firm through the account of May Construction, is a breach contract.

33.    Upon information and belief, Defendant engaged in additional acts of forgery and wrongful payments to himself and to his accounting firm through the account of May Construction, and those actions are also a breach of contract.

34.    Plaintiff has sustained damages in excess of $20,000 as a result of the breach of contract by Defendant.

35.    Plaintiff requests Judgment in an amount in excess of $20,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

### -AS AND FOR A FIFTH CAUSE OF ACTION-

36.    Plaintiff repeats and realleges ¶'s 1- 35 as if fully set forth herein.

37.    As part of his contribution as a shareholder of Windward Holdings, LLC, Defendant acted in his capacity as a CPA and maintained the books and records of that entity. Through his retention as a CPA to Windward Holdings, Defendant had a contractual obligation to Plaintiff to perform his accounting duties professionally and ethically.

38.    By submitting false vendor to Plaintiff in order to obtain payments from Plaintiff the Defendant is in a breach of contract.

39.    Plaintiff has sustained damages in excess of $20,000 as a result of the breach of contract by Defendant.

40.    Plaintiff requests Judgment in an amount in excess of $20,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

## -AS AND FOR A SIXTH CAUSE OF ACTION-

41.    Plaintiff repeats and realleges ¶'s 1- 40 as if fully set forth herein.

42.    As part of his contribution as a  Member of Bearhill, Defendant acted in his capacity as a CPA and maintained the books and records of that entity.    Through his retention as a CPA to Bearhill, Defendant had a contractual obligation to Plaintiff to perform his accounting duties professionally and ethically.

43.    By submitting false invoices to Plaintiff in order to obtain payments from Plaintiff the Defendant is in a breach of contract.

44.    Plaintiff has sustained damages in excess of $20,000 as a result of the breach of contract by Defendant.

45.    Plaintiff requests Judgment in an amount in excess of $20,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

## -AS AND FOR A SEVENTH CAUSE OF ACTION-

46.    Plaintiff repeats and realleges ¶'s 1- 46 as if fully set forth herein.

47.    Upon information and belief, Defendant has wrongfully conveyed property interests of Plaintiff to himself by forging the signature of Plaintiff on corporate documents.

47.    Specifically, Defendant forged the signature of Plaintiff on a document titled "Windward Holdings Corp. Amendment to Shareholders Agreement" which states, inter alia, that Plaintiff sold his shares of Windward Holding to Defendant for ten dollars on about June 1, 2005.

48.    Plaintiff did not sign said document.

49.    Upon information and belief, Defendant has wrongfully conveyed assets to himself that were held by Windward Holdings, to which Plaintiff has an interest.

50.    Upon information and belief, as a result of the wrongful conveyance, Plaintiff has sustained damages in an amount in excess of $400,000.

51.    Plaintiff requests Judgment in an amount in excess of $400,000 against Defendant plus interest at the prevailing rate from the date of each breach that resulted in damages.

**WHEREFORE**, Plaintiff respectfully request that Judgment be had as requested herein, together with such other and further relief as the Court may deem just and proper, including costs.

Brian H. Reis, Esq. (7843)
Law Office of Brian H. Reis
Counsel for Plaintiff
80 Broad Street- 33rd Floor
New York, NY  10004
212-785-5170

9