UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YULY ARONSON                                    :
                                                :     ORDER TO SHOW CASUE
                                                :
                Plaintiff,                      :     Index No. _07 CIV 9405_____
                                                :     Assigned to J. McMahon_____
            - Against -                         :
                                                :
ANTHONY BRANCA,                                 :
                                                :
                Defendant.                      :
                                                :
                                                :
-------------------------------------------------------------x

        Upon the annexed Affidavit of YULY ARONSON, sworn to on November 9,

2007, and the exhibits attached thereto,  and the proceedings heretofore had herein, it is

hereby


        ORDERED,  that  Defendant  Branca,  show  cause  before  the  Honorable

_Colleen_ _Mc_ _Mahon_ at the Southern District of New York located at 500 Pearl Street,

New York, NY on November ____15____, 2007, at 9:30 a.m. or as soon thereafter as

counsel can be heard, why an order, pursuant to FRCP Rule 65, should not be entered

preliminarily enjoining and Ordering  Defendant to cease and desist from executing the

signature of Plaintiff and further Ordering that Defendant not sell, transfer, convey or

pledge as collateral any real property held in the name of May Construction, Windward

Holdings Corp. BearHill, LLC and  Landmark Construction, and that Defendant be

ORDERED, that pending the hearing and determination of the instant motion and the entry of an order in response to such motion, Defendant is Ordered to cease and desist from executing my signature and Ordered not sell, transfer, convey or pledge as collateral any real property held in the name of May Construction, Windward Holdings Corp. BearHill, LLC and Landmark Construction, and that Defendant is Ordered not to remove or encumber any assets from the accounts of Landmark Construction; and it is further

*ORDERED THAT SECURITY IN THE AMT $ 5000 BY November 13 2007*

ORDERED that this temporary restraining order shall remain in full force and effect until further order of this Court; and it is further

ORDERED that service of a copy of this Order to Show Cause and Temporary Restraining Order, together with copies of the papers upon which it is granted, be deemed good and sufficient service if served, on or before the _10_ day of November, 2007, as follows: (i) on Branca by serving him personally or via overnight express mail at his *home* address of *48 Park* and it is further *Bedford NY*

ORDERED that answering papers, if any, be served on Plaintiff's counsel so as to be received on or before the _13_ day of November 2007; and it is further

ORDERED that reply papers, if any, be served on Respondents on or before the _15_ day of November, 2007.

~~ENTER~~ SO ORDERED:

U.S.D.J.

*PART I*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

YULY ARONSON

                   Plaintiff,

        - Against -

ANTHONY BRANCA,

               Defendant.

------------------------------------------------------x

**AFFIDAVIT**

Index No. 07 CIV 9405_____
Assigned to J. McMahon_____

STATE OF CONNECTICUT )
                   ) ss.:
COUNTY OF FAIRFIELD )

     YULY ARONSON, being duly sworn, deposes and says:

I am a party to this action, am over eighteen years of age and reside in Fairfield County, Connecticut

1.     I am the Plaintiff in this mater in this action and submit this Affidavit in Support of my Request for Injunctive Relief in order to prevent the further theft by Defendant of assets to which I have an interest.

2.     By way of background, I was and still am the sole shareholder in May Construction Co., Inc ("May Construction") a New York corporation.

3.     Defendant is a Certified Public Accountant ("CPA") and performed services in that capacity individually and through his firm, A.A. Branca & Co., on behalf of May Construction during the period of 1994 through the present.

4.     I have recently received documents from Defendant evidencing a formal retention of Defendant's accounting firm by May Construction dated March 9, 2002, a copy of which is

annexed hereto as exhibit "A".

5.    I HAVE ALSO RECENTLY RECEIVED A LETTER DATED DECEMBER 16, 2006 FROM DEFENDANT RELATING TO THE TERMINATION OF SERVICES BETWEEN MAY CONSTRUCTION AND A.A. BRANCA & CO. ("TERMINATION OF SERVICES LETTER") WHICH CONTAINS A FRAUDULENT EXECUTION ON BEHALF OF MAY CONSTRUCTION AND WHICH CONTAINES THE EXACT SAME SIGNATURE AND DATE AS THE RETAINER AGREEMENT. A copy of the Termination of Services Letter is annexed as Exhibit "B".

6.    I did not sign the Document annexed as Exhibit B.

7.    As a result of my concern that funds in the account of May Construction were being misappropriated, I began to review random checks of May Construction and learned that Defendant signed my signature on checks made payable to Defendant and that the amounts bore no correlation to fees owed to Defendant or his accounting firm. Copies of some of those checks are annexed hereto as Exhibit "C".

8.    I also became aware through the random review of checks, that Defendant utilized his own signature to negotiate checks made payable to in amounts that had no correlation to work performed by Defendant in his capacity as a CPA or his accounting firm. Copies of some of those checks are annexed hereto as Exhibit "D".

9.    I also became aware through the random review of checks, that Defendant utilized his own signature to negotiate checks from the May Construction account made payable the brokerage firm "Smith Barney", yet neither I nor May Construction maintain an account at Smith Barney. A copy of those checks is annexed hereto as Exhibit "E".

10.    Defendant and I were also shareholders in an entity known as Windward Holdings, Corp.

("Windward Holdings") and fellow members of an entity known as Bearhill, LLC ("Bearhill").

11.      As part of his contribution as a shareholder of Windward Holdings, Corp. and a Member of Bearhill, Defendant acted in his capacity as a CPA and maintained the books and records of those entities.

12.      Defendant has recently submitted a document to me entitled "Windward Holdings Corp Amendment to Shareholders Agreement, a copy of which is annexed here to as Exhibit "F and which states, inter alia, that [I] sold [my} shares of Windward Holding to Defendant for ten dollars on about June 1, 2005. A copy of that document is annexed as Exhibit "F".

13.      I did not sign Exhibit "F".

14.      During the months of August through December 2006, I withdrew a total of $251,500 from May Construction to open a trading account at Prestige Financial Center, Inc ("Prestige") in the name of Landmark Construction ("Landmark Construction"), an entity in which I held an interest. Defendant wrongfully withdrew the funds from Prestige through a process known as Account Transfer Authorization ("ACAT") and transferred the money from the account at Prestige to an account at Citigroup- Smith Barney in December 2006. A copy of the ACAT form containing the signature of Defendant is annexed hereto as Exhibit "G".

15.      I did not authorize the transfer from Prestige to Citigroup-Smith Barney and neither I nor Landmark Construction have accounts at Citigroup-Smith Barney.

16.      Based upon the wrongful actions set forth above, I am asking the court to grant injunctive relief pursuant to FRCP Rule 65 in order to maintain the status quo in the entities in which I hold an interest by Ordering Defendant to cease and desist from executing my signature and to Order that Defendant not sell, transfer, convey or pledge as collateral any real property held in the name of May Consytiction, Windward Holdings Corp. BearHill, LLC and Landmark Construction, and

3

that Defendant be prevented from removing or encumbering any assets from the accounts of

Landmark Construction, as without such Order, irreparable harm will occur.

STATE OF CONNECTICUT          )
                              ) ss: *Westport*          *Yuly Aronson*
COUNTY OF FAIRFIELDU          )

On the 9 day of *November*, 2007, before me personally appeared Yuly Aronson to me
known and known to me to be the person who executed the foregoing instrument, and he
acknowledged to me that he executed the same.

                                        Notary Public

**MALAK SHIHAB**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES SEPT. 30, 2012

4

# EXHIBIT "A"

# A. A. BRANCA & CO.

CERTIFIED PUBLIC ACCOUNTANTS

700 Summer Street, Suite 1K, Stamford, CT 06901

Tel 203-964-9833  Fax 203-964-9828

March 9, 2002

May Construction Co., Inc.
Mr. Yuly Aronson
700 Summer St., 1k
Stamford, CT 06901

re:      **Accounting and Audit work**

Dear Mr. Aronson:

We are pleased to offer our services as independent accountants for May Construction Co., Inc. (the "Company") for the years ended December 31, 2002 and for the next six (6) years.

We will review and report on the financial statements of the Company in accordance with generally accepted auditing standards. Unless unusual conditions not now foreseen make it impractical for us to do so, we will submit a report on the work performed. A Review is an examination on the financial statements in accordance with generally accepted accounting principles. The work to be performed consists primarily of analytical work with limited substantive procedures. The report issued does not express an opinion on the overall fairness of the financial statements taken as a whole but does provide a level of assurance generally acceptable to the banking and bonding community. A report will be prepared as of the year end December 31, 200X and for the six-month period ended June 30, 200X. Any additional reporting will be performed under a separate engagement letter.

The financial statements are the responsibility of the Company's management. Management is responsible for establishing and maintaining effective internal control over financial reporting, making financial records and related information available for audit, and for identifying and ensuring that the Company complies with the laws and regulations that apply to its activities. Management is also responsible for adjusting the financial statements to correct material misstatements and for affirming to us in the representation letter that the effects of any uncorrected misstatements aggregated by us are immaterial, individually and in aggregate, to the financial statements taken as a whole.

A Review is not designed to detect error or fraud that is immaterial to the financial statements. It is also not designed to provide assurance on internal control or to identify reportable conditions. However, we are responsible for ensuring that management of the company is aware of any reportable conditions which come to our attention.

2

In addition, we will perform the following -
– We will prepare the required Federal and State tax returns.
– We will be available to consult or assist you on accounting, tax and contemplated changes in business policies or other matters at your request.
– We will prepare Certified Payroll reports for the various jobs as required.
– We will prepare quarterly payroll reports from records you provide.
– We will make the required payroll tax deposits electronically.
– We will assist in the preparation of monthly job requisitions.
– We will work with your Office manager to ensure proper booking of entries, although we will not book such entries.

Please note that it is our opinion that the preparation of the above will not compromise the independence of our firm and our ability to issue reviewed financial statements.  If regulations change at some future date, we will have to revise this agreement.

Our fees are based on time actually incurred on the engagement.  We estimate that our fee for the year, together with normal conference time will be charged monthly as follows.

| 2002 | $ 4,000.00 | 2005 | $ 5,000.00 |
| 2003 | $ 4,250.00 | 2006 | $ 5,000.00 |
| 2004 | $ 4,500.00 | 2007 | $ 5,000.00 |

The cost of printing copies of the annual report to be distributed to owners, attending board of directors meetings and other expenses we incur on behalf of the Company, will be added to our services charges.  Our fees are payable upon receipt of our invoice.

If you intend to reproduce or publish the Company's financial statements, or any portion of them, and refer to our firm in connection with them, we understand that you agree to provide us with proofs for our prepublication review.

If you accept these terms, and the services described meet your requirements, please sign the enclosed copy of this letter in the space provided below and return it to us.

Thank you for the opportunity to serve your organization again this year.

Very truly yours;
A.A. Branca & Co., CPA

Tony Branca

A. A. BRANCA & CO.

3

The services described on pages one and two meet our requirements and we accept and hereby agree to the terms.

**May Construction Co. Inc.**

By: _____
        Yuly Aronson, President

Date: _____3/16/02_____

A. A. BRANCA & CO.

# EXHIBIT "B"

# A. A. BRANCA & CO.

CERTIFIED PUBLIC ACCOUNTANTS

700 Summer Street, Suite 1K  Stamford, CT 06901

Tel 203-964-9833  Fax 203-964-9828

December 16, 2006

May Construction Co., Inc.
Mr. Yuly Aronson
700 Summer St., 1k
Stamford, CT 06901

re:    **Termination of Services**

Dear Mr. Aronson:

Let this letter serve as notice that effective January 1, 2007 we are terminating our engagement with your company dated March 9, 2002.  We no longer feel that we are able to maintain our independence in light of current events and the current financial state of your business.

Enclosed is a bill for our services through December 31, 2006.  Your prompt payment is appreciated

We appreciate your business over the years and wish you and your company all the best in the future.

Very truly yours;
A.A. Branca & Co., CPA

Tony Branca

Hand Delivered and Received by -

**May Construction Co, Inc.**

By: _____
        Yuly Aronson, President

Date: _____3/15/06_____

# EXHIBIT "C"

# Business Banking Statement



**Check Images**

| Period: | 09/01/06 to 09/29/06 |
|---|---|
| Page: | 10 of 45 |

Account No.   670-2308362



| Ck. No.10854 | 09/05 | $10,000.00 |
|---|---|---|



### *Business Banking Statement*

Accounts held by JPMorgan Chase Bank, N.A. and its affiliates

| Period: | 09/30/06 to 10/31/06 |
|---|---|
| Page: | 18 of 41 |

✓ Check Images

*Account No.*   670-2308362



| Ck. No. 11135 | 10/05 | $10,000.00 |
|---|---|---|

# *Business Banking Statement*

Accounts held by JPMorgan Chase Bank, N.A. and its affiliates

**Period:**  12/01/06 to 12/29/06
**Page:**  11 of 24

THE
BANK OF
NEW
YORK

✓ *Check Images*

**Account No.  670-2308362**



| Ck. No.11446 | 12/06 | $10,000.00 |

EXHIBIT "D"

# Business Banking Statement



**Period:** 03/01/05 to 03/31/05
**Page:** 35 of 40

## ✔ Check Images

**Account No.** 670-2308362

Ck. No.8075          03/22          $20,000.00



# *Business Banking Statement*

| | |
|---|---|
| **Period:** | 04/01/05 to 04/29/05 |
| **Page:** | 31 of 32 |



Account No.   670-2308362



Ck. No.8268          04/26          $15,000.00

EXHIBIT "E"

# Business Banking Statement



| | |
|---|---|
| **Period:** | 12/31/05 to 01/31/06 |
| **Page:** | 15 of 36 |

 Check Images

670-2308362



Ck. No.9375          01/10                    $4,000.00

Ck. No.9376          01/10                    $21,000.00

# EXHIBIT "F"

10/09/2007 17:01  9146836770                    GOODRICHBENDISH                        PAGE 01/01

# Windward Holdings Corp
## Amendment to Shareholders Agreement

For $10 and other valuable consideration, Yuly Aronson sells his shares in Windward Holdings to Tony Branca. He forever relinquises any claims he may have to the assets held in the name of the corporation except for the following.

Mtg note to Jacek Swinderski in the amount of $150,000 maturing 9/1/06 and a Mtg note to Grzegorz Watroba in the amount of $90,000 maturing 2/1/07.

These assets and the related interest generated therefrom will be split on a 50/50 basis between the 2 parties.

The breakdown labeled "700 Summer St Sale", attached, is incorporated to and becomes part of this amendment

Agreed to this 1st day of June 2005

Yuly Aronson                                    Tony Branca

EXHIBIT "G"

FR Oct. 30. 2007 4:52PM                    (TUE) OCT 30 2007 15:12/ST. 15 No. 4931750 P. 1776 P  2

OCT 30 2007 15:14 FR                        TO 912124222700        P.02/03
10-30-07    02:54pm    From-SMITH BARNEY    203 967 7008    T-413    P.002    F-634

Dec 21 06 03:53a    Account V

# Account Transfer Authorization                                **citigroup**
A complete copy of the client's most recent statement is necessary to process this transfer.            SMITH BARNEY

☑ Retail            ☐ IRA            ☐ Roth IRA        ☐ Simple IRA
☐ Education Savings Account    ☐ Qualified        ☐ Direct Rollover

**0418**    account number    578  22 807    12 c    087

☑ ACAT    ☐ Non-ACAT    ☐ Partial    ☐ Mutual Fund Rollover

Clearing Firm's
Account #    015F    Clearing Firm's Account #    925.30069        ☐ BROKER CHANGE ONLY

LANDMARK CONSTRUCTION OF NY INC

FSB / DP Clearing & Settlement Services

Social Security or Tax I.D. Number    20-1382514

**DELIVERING AGENT PLEASE NOTE: Complete delivery instructions and Rep. note instructions are on the reverse side of this form.**

☑ **BROKERAGE ACCOUNT TRANSFER**
☑ Transfer my ENTIRE account.
☐ Transfer only the assets listed here.                    DEC21 06 12:47:40

☐ **BANK ACCOUNT TRANSFER**
☐ Liquidate ALL assets.
☐ Liquidate Certificates of Deposit IMMEDIATELY.
☐ Forward proceeds of Certificates of Deposit AT MATURITY.

☐ **MUTUAL FUND TRANSFER**            Rep. Name    Allen Say
☐ Redeem ALL shares and transfer cash.        Rep. Phone    203  967  7844
☐ Re-register my Mutual Fund to Citigroup Global Markets Inc. as custodian.

☐ **LIMITED PARTNERSHIP TRANSFER** (For CGM Inc. Canadian Accounts only)
☐ Re-register my Limited Partnership Investment to Citigroup Global Markets Inc. as custodian.

Citigroup Global Markets Inc. Tax I.D. Number: 13-2919773
Signature
Guaranteed
by:

Dispersion of money markets other than liquidation and transfer:        Title    12/21/06        Helene Deuve    203  967  7844

FOR 0500A-SU-MAS (4/2006) p. 1 of 2                    Smith Barney is a division and service mark of Citigroup Global Markets