UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

YULY ARONSON,

                         Plaintiff,

-against-

ANTHONY BRANCA,

                         Defendant.

-------------------------------------------------------------x

Case No.: 07 CIV 9405 (KMK)

**Memorandum of Law**

The Plaintiff, YULY ARONSON, by his undersigned counsel, sets forth the following Memorandum of Law in support of the instant motion for a preliminary injunction pursuant to Rule 65, along with a TRO pending the entry of the Order.

## I. Background and Facts

This lawsuit and the instant motion arise out of completed transactions in which Defendant, Anthony Branca, either took, misappropriated, encumbered and/or otherwise fraudulently obtained funds of various businesses in which Plaintiff has an interest. Moreover, Defendant is a Certified Public Accountant who misused his professional title and breached his fiduciary obligations to Plaintiff through such conduct as forged signatures, false documents, and unauthorized transfers. The foregoing is amplified in the Affidavit of Yuri Aronoson dated November 9, 2007 (the "Aronson Affidavit") together with its Exhibits "A" - "G", and in the Affirmation of Brian Reis, Esq. (Plaintiff's counsel of record), all as submitted with the original Order to Show Cause (the "OTSC") and incorporated by reference.

By Order signed November 9, 2007 and filed November 12, 2007, Judge Robert W. Sweet

granted the TRO sought in the OTSC and set the matter for hearing on November 15, 2007.

On November 15, 2007, the Plaintiff (only) appeared before Judge McMahon, who *continued*

the TRO (without Defendant's objection per his letter to the court) and assigned the matter to

White Plains by her Order dated November 16, 2007 and filed November 19, 2007.

On November 19, 2007, the matter was assigned to Judge Karas, pursuant to the Notice of

Reassignment (by Deputy Clerk Lourdes Aquino).

As such, this Motion seeks to enlarge the relief sought in the OTSC to encompass other and

further assets of the Plaintiff as per the Amended Complaint.

## II. The Amended Complaint

Submitted herewith is Plaintiff's Amended Complaint dated November 20, 2007, timely as

*prior* to a responsive pleading pursuant to Rule 15(a). (Amended Complaint; **Exhibit A**). It

details the allegations of fraud with specificity and in compliance with FRCP 9(b), wherein:

> **In all averments of fraud or mistake, the circumstances constituting fraud
> or mistake shall be stated with particularity. Malice, intent, knowledge,
> and other general condition of mind of a person may be impaired generally**.

As such, in addition to the Plaintiff's Affidavit and the prior submissions, the pleading sets

forth specific allegations of wrongdoing:

(i)     Forgery; direct or "cut and paste" (paragraphs 18-19),

2

(ii)      Fraud via unauthorized checks *from* Plaintiff's Bank of New York Account (pars. 23-25; 28-29) *to* Defendant as accountant to Plaintiff; *to* Defendant's Smith Barney accounts (32-33); *to* Defendant's Company, the FCM Group, Inc. (pars.36-38).

(iii)     An unauthorized transfer account *from* Prestige Financial Center, Inc. *to* Defendant's Smith Barney Account (42-44);

(iv)     Fraud via a forged or "cut and paste" sale of stock agreement with respect to the Windward Holdings Corp. (pars. 50-51)

(v)     Unauthorized control of plaintiff's interest in Bearhill, L.L.C. (pars. 54-56).

Based upon the foregoing, Defendant has defrauded Plaintiff through various unauthorized methods to the extent of $1,461,510.00, and has *control of assets* such that he can do irreparable harm by unrestrained conveyance.

## II. Argument

Pursuant to FRCP 65(a) "Preliminary Injunction" and (b) "Temporary Restraining Order", the relief sought as per the *Proposed Order* submitted herewith (**Exhibit B**) is for an expanded preliminary injunction pertaining to Plaintiff's assets, to comport with the Amended Complaint and, as such, to expand and continue the existing TRO pending entry of such Order.

The basic requirements to obtain injunctive relief have always been a showing of irreparable harm and the inadequacy of legal remedies. This is especially applicable when the Defendant is in possession of particular funds that belong to Plaintiff. *See*, <u>Nechis v. Oxford Health Plans,</u>

3

Inc. 421 F3d 96,103 (2nd Cir. 2005); <u>Kawski v. Johnson & Johnson</u>, No. 04-CV-6208, United States District Court, W.D.N.Y. 2005 WL 3555517 (W.D.N.Y.).

The pre-requisites for injunctive relief, which the movant has the burden of satisfying, have been stated to be "(a) irreparable harm and (b) *either* (1) likelihood of success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." (emphasis added). <u>Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc</u>. 596 F.2d 70, 72 (2nd Cir. 1979); *cited by* <u>Coppa v. Lederman,</u> No. 04 CV 0399ILG, 2004 WL 884258 (EDNY 2004; J. Glasser).

The first prong "(a)" has been satisfied wherein the Plaintiff has demonstrated irreparable harm by the actual possession of his funds in the custody and/or control of the Defendant. Further, Defendant can convey *other* assets unless stopped. The second prong "(b)" has also been met wherein (1) the Plaintiff is likely to prevail on the merits. The forgeries and falsifications are so patently obvious by the evidenced checks, letters, signatures and accounts, that there is no question Defendant took funds by fraud. Regardless, in balancing the hardships as the alternative standard, "(2)", Plaintiff will have no recourse if his assets are not restrained - as they are whimsically controlled by Defendant *sans* injunctive relief. Via fraudulent conduct, Defendant took it upon himself to issue unauthorized instruments and cause unauthorized transactions.

### III. Conclusion

Plaintiff is entitled to a TRO and a preliminary injunction, together with costs, disbursements, reasonable attorney's fees, and for such other and further relief deemed appropriate in the discretion of the court.

Dated:  November 23, 2007
      New York, NY

Respectfully submitted,

_____
Andrew Small, Esq.
(AS-1294)
**Attorney for Plaintiff**
230 Park Avenue Suite 2525
New York, NY 10169
Tel. 212.983.0921 /Fax 212.656.1037
Mobile: 917.445.0495
E-mail: ABSLawyer@comcast.net

To:

**Attorneys for the Defendant**
Peter Goodrich, Esq.
Goodrich & Bendish
399 Knollwood Road, Suite 303
White Plains, New York 10603
Tel. 914.683.8484
Fax 914.683.6770

**Plaintiff's Counsel of Record**
Law Office of Brian Reis
80 Broad Street 33rd Floor
New York, NY 10004
Tel. 212.983.5170

5

**EXHIBIT A**

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YULY ARONSON,                       : Case No.: 07 CIV 9405
                                           :
                   Plaintiff,     :
                                           :
        -Against-          :      **AMENDED COMPLAINT**
                                         :
ANTHONY BRANCA               :
                                         :
                 Defendant.    :
-------------------------------------------------------------x

Plaintiff, by and through his undersigned counsel, further alleges and complains of the

Defendant, as follows:


**The Parties and Diversity**

1.  Plaintiff, Yuly Aronson, is a natural person residing in Fairfield County, CT.


2.  Defendant, Anthony Branca, is a natural person residing at 48 Davids Way, Bedford

    Hills, NY 10507.


**Jurisdiction**

3.  There is complete diversity of citizenship.


4.  The cause of action involves a controversy for monetary damages in excess of

    $75,000.00, in addition to equitable relief.


2

**Venue**

5. Upon information and belief, the acts and transactions at issue occurred primarily within Westchester and Fairfield Counties, and within 50 miles of the Courthouse located at White Plains, NY.

**Count One**

6. At all times relevant and continuing, Plaintiff was the sole shareholder and chief executive officer of May Construction Co., Inc. ("May Construction") a New York Business Corporation formed and existing under the business corporation laws of the State of New York (the "BCL") in or about June 1998.

7. At all times relevant Defendant was and remains a Certified Public Accountant ("CPA").

8. At all times relevant and continuing, Defendant was the sole shareholder of A. A. Branca & Co., Certified Public Accountants, which has an office at 700 Summer Street Suite 1k Stamford, CT.

9. Since approximately 1994, and at all times relevant to date, Defendant Branca was a CPA for May Construction and Plaintiff, wherein Defendant Branca provided accounting and audit services.

3

10. At all times relevant, May Construction held a business banking account at The Bank of New York ("BNY"), account number 670-2308362 (the "BNY Account").

11. At all times relevant, as a CPA, Defendant was under a fiduciary obligation towards the Plaintiff, with its attendant duties of care and responsibility to act in the best interests of Plaintiff.

12. At all times relevant, Plaintiff and Defendant were shareholders in Windward Holdings, Corp. ("Windward") a Connecticut business corporation.

13. At all times relevant, as a fellow shareholder of Windward, Defendant had a fiduciary duty to Plaintiff.

14. At all times relevant, Plaintiff and Defendant were members of Bearhill, L.L.C., a Connecticut limited liability corporation ("Bearhill").

15. At all times relevant, as a fellow member of Bearhill, Defendant had a fiduciary duty to Plaintiff.

16. At all times relevant, Plaintiff had an interest in the Landmark Construction ("Landmark") investment account with the Prestige Financial Center, Inc., account number P6GGLKIR (the "Prestige Account").

4

17. On or about November 1, 2007, the Plaintiff received a letter from Defendant dated December 16, 2006 that purportedly terminated Defendant's obligation to provide accounting and audit services to Plaintiff's company (May Construction) (the "Termination Letter").

18. The Termination Letter was signed by Defendant as Tony Branca.

19. The Termination Letter purports to be countersigned by Plaintiff on "3/15/02". However, the Plaintiff did not countersign the letter or cause it to be countersigned, wherein the signature is either (i) a cut and past via computer word processing, or (ii) a forgery.

20. Further, by deception the Defendant was overpaid by May Construction in amount over and above $20,000.00.

21. The foregoing frauds were actually performed, or caused to occur, by Defendant Branca which has caused damages to Plaintiff in the sum of not less than $20,000.00

**Count Two – Unauthorized BNY checks to Defendant**

22. Plaintiff incorporates and re-states the foregoing paragraphs 1- 21 as if fully set forth herein.

5

23. On or about September 5, 2006, without authorization, Defendant wrote to himself BNY Account check no. 10854 in the amount of $10,000.00.

24. On or about October 5, 2006, without authorization, Defendant wrote to himself BNY Account check no. 11135 in the amount of $10,000.00.

25. On or about December 6, 2006, without authorization, Defendant wrote to himself BNY Account check no. 11466 in the amount of $10,000.00.

26. The foregoing frauds were actually performed, or caused to occur, by Defendant Branca which has caused damages to Plaintiff in the sum of not less than $30,000.00

**Count Three – Unauthorized BNY checks using Defendants' Signature**

27. Plaintiff incorporates and re-states the foregoing paragraphs 1- 26 as if fully set forth herein.

28. On or about March 22, 2005, without authorization, Defendant wrote to himself BNY Account check no. 8075 in the amount of $20,000.00, using his own signature.

29. On or about April 26, 2005, without authorization, Defendant wrote to himself BNY Account check no. 8268 in the amount of $15,000.00, using his own signature.

30. The foregoing frauds were actually performed, or caused to occur, by Defendant
    Branca which has caused damages to Plaintiff in the sum of not less than $35,000.00

**Count Four – Unauthorized BNY checks to Smith Barney.**

31. Plaintiff incorporates and re-states the foregoing paragraphs 1-30 as if fully set forth
    herein.

32. Also on or about January 10, 2005, without authorization, Defendant wrote BNY
    Account check no. 93_75_ to the Smith-Barney financial institution ("Smith Barney") in
    the amount of $4,000.00.

33. **Also** on or about January 10, 2005, without authorization, Defendant wrote BNY
    Account check no. 93_76_ to Smith-Barney in the amount of $21,000.00.

34. The foregoing frauds were actually performed, or caused to occur, by Defendant
    Branca which has caused damages to Plaintiff in the sum of not less than $25,000.00

**Count Five - Unauthorized BNY checks to the FCM Group, Inc.**

35. Plaintiff incorporates and re-states the foregoing paragraphs 1-34 as if fully set forth
    herein.

7

36. On or about October 24, 2006, without authorization, Defendant wrote BNY Account check no. 11257 to Defendant's company, the FCM Group, Inc. ("FCM"), in the amount of $10,000.00.

37. On or about November 1, 2006, without authorization, Defendant wrote BNY Account check no. 11282 to FCM in the amount of $10,000.00 under his own signature.

38. On or about September 6, 2006 without authorization, Defendant wrote BNY Account check no. 10875 to FCM in the amount of $40,000.00.

39. The foregoing frauds were actually performed, or caused to occur, by Defendant Branca which has caused damages to Plaintiff in the sum of not less than $60,000.00

**Count Six - Transfers *from* Prestige *to* Smith Barney**

40. Plaintiff incorporates and re-states the foregoing paragraphs 1- 39 as if fully set forth herein.

41. On or about September 29, 2006, Plaintiff put $49,500.00 into the Prestige Account.

42. On or about October 2, 2006, Plaintiff put $200,564.85 into the Prestige Account.

43. On or about December 21, 2006, the Defendant caused a Transfer Authorization to be issued from Smith Barney allowing wire transfers to Defendants' account(s) (the "SB Transfer Document").

44. Also on or about December 21, 2006, pursuant to the SB Transfer Document, and without Plaintiff's authorization, the Defendant transferred out of the Prestige Account and into his SB Account the amount of $251,500.00.

45. The foregoing frauds were actually performed, or caused to occur, by Defendant Branca which has caused damages to Plaintiff in the sum of not less than $251,500.00.

**Count Seven -Windward**

46. Plaintiff incorporates and re-states the foregoing paragraphs 1- 45 as if fully set forth herein.

47. At all times relevant, Plaintiff was the CPA for Windward and maintained the books and records of thereof in his capacity as CPA.

48. As its CPA, Plaintiff was under a fiduciary duty to Windward and its shareholders, including Plaintiff.

9

49. Plaintiff has by deception overstated his services to Windward in the sum of approximately $20,000.

50. By a document purportedly dated June 1, 2005, without authorization, the Defendant cut/pasted or forged Plaintiff's name to the "Windward Holdings Corp Amendment to Shareholders Agreement", which document purportedly sold Plaintiff's shares in Windward to Defendant "for $10.00 and other valuable consideration."

51. As such, Plaintiff has taken control of Plaintiff's interests in the assets of Windward and, upon information and belief, has wrongfully conveyed the same in an amount worth approximately $400,000.

52. The foregoing frauds were actually performed, or caused to occur, by Defendant Branca which has caused damages to Plaintiff in the sum of not less than $420,010.00

**Count Eight - Bearhill**

53. Plaintiff incorporates and re-states the foregoing paragraphs 1- 52 as if fully set forth herein.

54. At all times relevant, Plaintiff was the CPA for Bearhill and maintained the books and records of thereof in his capacity as CPA.

10

55. As its CPA, Plaintiff was under a fiduciary duty to Bearhill and its members, including Plaintiff.

56. Defendant has by deception overstated his services to Bearhill in the sum of approximately $20,000.

57. Defendant has, upon information and belief, taken under his control and/or encumbered and/or disposed of Plaintiff's interests/assets in Bearhill, in an amount worth approximately or more than $600,000.

58. The foregoing frauds were actually performed, or caused to occur, by Defendant Branca which has caused damages to Plaintiff in the sum of not less than $620,000.00

**Count Nine - Fraud**

59. Plaintiff incorporates and re-states the foregoing paragraphs 1- 58 as if fully set forth herein.

60. Upon information and belief, the Defendant has fraudulently taken other funds and/or assets belonging to, or due, Plaintiff in an amount to be determined.

61. As a result of the foregoing frauds, unauthorized transactions and transfers, the Plaintiff has been damaged in the sum of not less than $1,461,510.00.

11

**Count Ten – Breach of Contract**

62. Plaintiff incorporates and re-states the foregoing paragraphs 1- 61 as if fully set forth herein.

63. As a result of the foregoing frauds, unauthorized transactions and transfers, the Plaintiff has been damaged by material breaches of contract in the sum of not less than $1,461,510.00.

**Count Eleven - Injunctive Relief**

64. Plaintiff incorporates and re-states the foregoing paragraphs 1-62 as if fully set forth herein.

65. Defendant is in possession and control of assets belonging to Defendant and can dispose of, take or transfer them without account therefore in the absence of judicial restraint in the form of an injunction to prevent the conveyance, sale, encumbrance or pledge as collateral, or disposition of any and all assets of: Plaintiff, May Construction, Landmark Construction, the Prestige Account, FCM, Smith Barney accounts held by or accessible to Defendant, the BNY Account, Windward, and Bearhill.

**Count Twelve - Accounting**

66. Plaintiff incorporates and re-states the foregoing paragraphs 1-64 as if fully set forth

    herein.

67. As a result of the foregoing, Plaintiff is entitled to a judicial accounting.

**Wherefore**, the Plaintiff seeks: Judgment against the Defendant in the sum of not less

than $1,461,510.00; a permanent injunction restraining the Defendant from the

conveyance, sale, transfer, encumbrance, pledging as collateral, or disposition of any and

all assets of Plaintiff, May Construction, Landmark Construction, the Prestige Account,

FCM, Smith Barney accounts held by or accessible to Defendant, the BNY Account,

Windward, and Bearhill; a judicial accounting, together with interest, costs, reasonable

attorneys' fees, and for such other and further relief deemed appropriate in the discretion

of the Court.

13

Dated: November 20, 2007
      New York, NY

                Yours, etc.

                Law Office of Brian Reis, Esq.
                **Attorney for the Plaintiff**
                80 Broad Street 33rd Floor
                New York, NY 10004
                Tel. 212.785.5170

                By: _____
                Andrew Small, Esq. (AS-1294)
                Direct Dial 212.983.0921
                Fax 212.646.1073
                E-mail: ABSLawyer@comcast.net

To:

**Defendant:**
Anthony Branca
48 Davids Way
Bedford Hills, NY 10507

14

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YULY ARONSON,                                   :
                                                :
                    Plaintiff                   :
                                                :        **Case No.: 07 CIV 9405**
-Against-                                        :        (KMK)
                                                :
ANTHONY BRANCA,                                 :        **AMENDED ORDER FOR**
                                                :        **INJUNCTION AND TRO**
                                                :        (proposed)
                    Defendant.                  :
-------------------------------------------------------------x

Upon the annexed Affidavit of , YULY ARONSON, sworn to on November 9, 2007, and

the exhibits attached thereto and the proceedings heretofore had herein, it is hereby

ORDERED, that Defendant, Anthony Branca, pursuant to the hearing before the

Honorable Kenneth M. Karas, at the Southern District of New York, located at 300

Quarropas St., Room 533 White Plains, NY 10601, on November 28 2007, upon

Plaintiff's Motion seeking an Order pursuant to FRCP Rule 65; that it is

ORDERED, that pending determination of the instant motion and the entry of an order in

response to such motion, Defendant is Ordered to cease and desist from executing

Plaintiff's signature and Ordered not to sell, transfer, convey, encumber or pledge as

collateral any property held in the name of: Plaintiff; May Construction Co., Inc.;

Landmark Construction; Prestige Financial Center; Inc.; FCM Group, Inc.; Smith Barney

accounts held by or accessible to Defendant; The Bank of New York; Windward

Holdings, Corp.; Bearhill, L.L.C.; and it is further.

ORDERED that this temporary restraining order shall remain in full force and effect until further order of this court, and it is

ORDERED that pending the outcome and final determination of this action, that Defendant Anthony Branca is preliminarily enjoined and ordered to cease and desist from executing the signature of Plaintiff, and further Ordered that Defendant not sell, transfer, convey, remove, encumber or pledge as collateral any property held in the name of: Plaintiff; May Construction Co., Inc.; Landmark Construction; Prestige Financial Center Inc.; FCM Group, Inc.; Smith Barney accounts held by or accessible to Defendant; The Bank of New York; Windward Holdings, Corp.; Bearhill, L.L.C.; and that Defendant is

SO ORDERED:

_____
U.S.D.J.

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

YULY ARONSON,                                    :
                                                 :
              Plaintiff                          :
                                                 :        **Case No.: 07 CIV 9405**
-Against-                                        :
                                                 :
ANTHONY BRANCA,:                                 :
                                                 :
              Defendant.                         :

--------------------------------------------------------------x

---

**AMENDED ORDER FOR INJUNCTION AND TRO (PROPOSED)**

---

Andrew Small, Esq.
(AS-1294)
**Attorney for Plaintiff**
A. Bruce Small PLLC
230 Park Avenue Suite 2525
New York, NY 10169
Tel. 212.983.0921
Fax 212.656.1037
Mobile: 917.445.0495
E-mail: ABSLawyer@comcast.net

UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YULY ARONSON,                                          :        **Case No.: 07 CIV 9405**
                                                      :        (KMK)
                              Plaintiff,              :
-against-                                             :
                                                      :
                                                      :
ANTHONY BRANCA,                                       :
                                                      :
                              Defendant.              :
------------------------------------------------------------x

---

**Plaintiff's Memorandum of Law**

---

Andrew Small
**Attorney for Plaintiff**
230 Park Avenue Suite 2525
New York, NY 10169
Tel. 212.983.0921
Fax 212.656.1037
Mobile: 917.445.0495
E-mail: ABSLawyer@comcast.net

6