UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YULY ARONSON

             Plaintiff,

        - Against -

ANTHONY BRANCA,

             Defendant.

------------------------------------------------------------x

REPLY AFFIDAVIT IN SUPPORT OF
PRELIMINARY INJUNCTION

Index No. 07 CIV 9405_
Assigned to Judge Kenneth M. Karas

STATE OF CONNECTICUT)
                 ) ss.:
COUNTY OF FAIRFIELD  )

      Yuly Aronson, being duly sworn, deposes and says:

I am a party to this action, am over eighteen years of age, and reside in Fairfield County, Connecticut.

      1. I am the Plaintiff in this action and submit this Reply Affidavit in support on the Request for a Preliminary Injunction filed in this matter. .

      2. I have reviewed the Affirmation submitted by Peter Goodrich and the Affidavit submitted by Defendant in Opposition to the Request and call attention to the following issues raised in those documents.

      3. It is glaringly obvious that Defendant Branca has alleged certain defenses to the allegations of wrongdoing, but has completely failed to provide the obvious documentation necessary to convince Your Honor that his contentions are legitimate.

      4. For example, while Defendant has annexed as Exhibit "A" to his Affidavit the bank signature card for May Construction in support of his contention that he was allowed to sign checks for my company (which of course does not allow him to sign checks that are not authorized or proper), he completely fails to provide any documentation to support his claim that he was the sole signatory to the Landmark Construction account as he alleges in paragraph 24 of his Affidavit. The reason for this omission will be obvious at the hearing of this matter on December 17, 2007. Your Honor is respectfully reminded that the Landmark account at issue was a brokerage

account held at Prestige Financial Center, Inc. ("Prestige") and that the $250,000 of funds were deposited by me. (See also Paragraph 24 of Defendant's Affidavit).

5. Similarly, Defendant Branca alleges in Paragraph 12 of his Affidavit that "he had an agreement that he would have a financial interest in the profits of May Construction", yet documentation was not provided to Your Honor by Defendant in support of that contention either. Again, the reason will be obvious at the hearing of this matter.

6. In Paragraph 24 of his Affidavit, Defendant also alleges that I "authorized him to transfer money from Landmark to [Defendant] to pay part of the amount owed to [Defendant] by [me] and that the transaction was recorded on the sheet". Again, Defendant did not provide this critical document to Your Honor in support of the defense to my serious allegation of wrongful actions by Defendant. If Your Honor is not shown evidence of the authority or right of Defendant Branca to have transferred those funds out of the Landmark account held at Prestige, I will be asking Your Honor to Order the return of those funds to me immediately.

7. This pattern of deceptive and misleading actions by Defendant is exactly the pattern of abuse that I am asking this court to stop regarding my interests in the various entities and accounts listed in the prior Orders of the Court.

8. In fact, the unprofessional manner in which Defendant has handled my interests as a CPA and fellow shareholder and Member is further exemplified in the inclusion of the allegations contained in Paragraphs 26 through 30 of Defendant's Affidavit. Without needing to address the contentions therein as they are completely irrelevant to the Relief being sought herein, Your Honor can see that Defendant Branca has and continues to utilize my personal resources and information to further his own needs. The checks he has included as part of Exhibit F to his Affidavit were held in his capacity as my accountant and he has unethically attached them as part of his attempt to "smoke screen" his blatant wrongdoing. I will be seeking counsel as to whether this action violates the ethical and fiduciary duties of Defendant as my former accountant since it has no bearing to this Relief.

9. Additionally, it is my contention that I did not execute the document annexed as Exhibit D to the Affidavit of Defendant. Defendant has admitted, minimally, that I have an interest in the Middle Patent Road property (See Paragraph 31 of the Affidavit of Defendant.) and that Windward also owns the Middle Patent Road property (See Paragraph 16 of the Affidavit of Defendant.).

10. It is also important to not while Defendant has alleged that "I withdrew from Windward" pursuant to the document annexed as Exhibit D on JUNE 1, 2005, Defendant alleges in Paragraph 22 of his Affidavit that the proceeds of the Watroba mortgage which I was to receive in January 2006 though March, 2007 were used to pay off expenses relating to WINDWARD, even though Defendant contents I was no longer part of Windward.!

11. Defendant has set forth no opposition to the relief sought against the Smith Barney account held in the name of FCM Group, Inc.

12. Lastly, I will present testimony to Your Honor at the hearing of this matter to refute the remaining contentions submitted in Opposition to the Relief sought.

13. With the above in mind, and my belief that I will support my contentions and that the Defendant will fail to defend the allegations to the satisfaction of Your Honor, this court will be justified in granting the relief sought herein.

_____
Yuly Aronson

STATE OF NEW JERSEY )
                                        ) ss:
COUNTY OF OCEAN )

On the 11 day of December, 2007 before me personally appeared Yuly Aronson, to me known and known to me to be the person who executed the foregoing instrument, and he acknowledged to me that he executed the same.

LAURENCE H. GARFINKEL
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 3/19/2011

_____
Notary Public