UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YULY ARONSON,

                Plaintiff,        Case No. 07 CIV 9405

    -against-                **ANSWER**

ANTHONY BRANCA

                Defendant.
-----------------------------------------------------------------x

      Defendant, ANTHONY BRANCA, by his attorneys GOODRICH & BENDISH, as and for his Answer to the Amended Complaint, respectfully alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "1" of the Amended Complaint.

      2.    Admits the allegations contained in paragraph numbered "2" of the Amended Complaint.

      3.    Neither denies nor admits the allegations contained in paragraphs numbered "3," "4," and "5" of the Amended Complaint as same contain conclusions of law which require neither denial or admission.

### COUNT ONE

      4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph numbered "6" of the Amended Complaint.

      5.    Admits the allegations contained in paragraphs numbered "7," "8," and "9."

      6.    Admits, upon information and belief, the allegations contained in paragraph

numbered "10" of the Amended Complaint.

7. Denies the allegations contained in paragraphs numbered "11," "12" and "13" of the Amended Complaint.

8. Denies the allegations contained in paragraph numbered "14" of the Amended Complaint but admits that Plaintiff and Defendant are members of Bearhill Associates, L.L.C.

9. Denies the allegations contained in paragraph numbered "15" of the Amended Complaint.

10. Denies the allegations contained in paragraph numbered "16" of the Amended Complaint.

11. Denies the allegations contained in paragraph numbered "17" of the Amended Complaint, but admits that defendant sent plaintiff a termination letter dated December 16, 2006.

12. Admits the allegations contained in paragraph numbered "18" of the Amended Complaint.

13. Denies the allegations contained in paragraphs numbered "19," "20," and "21" of the Amended Complaint.

## COUNT TWO

14. Defendant repeats and reiterates each and every response to the allegations in paragraphs numbered "1" through "21" of the Amended Complaint as such as realleged in paragraph numbered "22" of the Amended Complaint.

15. Denies each and every allegation contained in paragraphs numbered "23," "24," "25," and "26" of the Amended Complaint.

## COUNT THREE

16. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "26" of the Amended Complaint as such are realleged in paragraph numbered "27" of the Amended Complaint.

17. Denies each and every allegation contained in paragraphs numbered "27," "28," "29" and "30" of the Amended Complaint.

## COUNT FOUR

18. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "30" of the Amended Complaint as such are realleged in paragraph numbered "31" of the Amended Complaint..

19. Denies each and every allegation contained in paragraphs numbered "32," "33," and "34" of the Amended Complaint.

## COUNT FIVE

20. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "34" of the Amended Complaint as such are realleged in paragraph numbered "35" of the Amended Complaint.

21. Denies each and every allegation contained in paragraphs numbered "36," "37," "38," and "39" of the Amended Complaint.

## COUNT SIX

22. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "39" of the Amended Complaint as such are

realleged in paragraph numbered "40" of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "41" and "42" of the Amended Complaint.

24. Denies each and every allegation contained in paragraphs numbered "43," "44," and "45" of the Amended Complaint.

### COUNT SEVEN

25. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "45" of the Amended Complaint as such are realleged in paragraph numbered "46" of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "47," "48" and "49" of the Amended Complaint.

27. Denies each and every allegation contained in paragraph numbered "50" of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs numbered "51" of the Amended Complaint.

29. Denies each and every allegation contained in paragraph numbered "52" of the Amended Complaint.

### COUNT EIGHT

30. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "52" of the Amended Complaint as such are

realleged in paragraph numbered "53" of the Amended Complaint.

31.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs numbered "54" and "55" of the Amended Complaint.

32.  Denies each and every allegation contained in paragraph numbered "56," "57," and "58" of the Amended Complaint.

## COUNT NINE

33.  Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "58" of the Amended Complaint as such are realleged in paragraph numbered "59" of the Amended Complaint.

34.  Denies each and every allegation contained in paragraphs numbered "60" and "61" of the Amended Complaint.

## COUNT TEN

35.  Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "61" of the Amended Complaint as such are realleged in paragraph numbered "62" of the Amended Complaint.

36.  Denies each and every allegation contained in paragraph numbered "63" of the Amended Complaint.

## COUNT ELEVEN

37.  Defendant repeats and reiterates each and every response to the allegations contained in paragraphs numbered "1" through "63" of the Amended Complaint as such are

realleged in paragraph numbered "64" of the Amended Complaint.

38. Denies each and every allegation contained in paragraph numbered "65" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "38" of his Answer with full force and effect as if set forth at length herein.

40. That defendant was an authorized signatory on the May Construction bank accounts at The Bank of New York.

41. That defendant was an authorized signatory on the May Construction bank accounts at The Bank of New York with plaintiff's full knowledge and consent.

42. That any and all payments to defendant from the May Construction bank accounts at The Bank of New York or from any other account were made with the full knowledge and consent of plaintiff.

## SECOND AFFIRMATION DEFENSE

43. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "42" of his Answer with full force and effect as if set forth at length herein.

44. That defendant presented invoices to plaintiff for accounting services on a regular basis.

45. That plaintiff reviewed defendant's invoices in detail and authorized and

6

consented to any and all payments to plaintiff from any account of May Construction or any other entity in which plaintiff had any interest.

46. That every payment to defendant was properly and correctly reported on the statements which were presented to, and reviewed by, plaintiff on a regular basis.

### THIRD AFFIRMATIVE DEFENSE

47. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "46" of his Answer with full force and effect as if set forth at length herein.

48. That any amounts which were paid to defendant's Smith Barney account as alleged in the Amended Complaint were paid at year-end to defendant's retirement account with the full knowledge and consent of plaintiff.

49. That the same amounts that were paid to defendant's Smith Barney account were paid each year to plaintiff's retirement account which was maintained at Prestige Financial with the full agreement, understanding and consent of plaintiff and defendant.

### FOURTH AFFIRMATIVE DEFENSE

50. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "49" of his Answer with full force and effect as if set forth at length herein.

51. That any amounts which were paid to FCM Group, Inc. from the May Construction account at The Bank of New York or from any other account were made with the full knowledge and consent of plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

52.  Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "50" of his Answer with full force and effect as if set forth at length herein.

53.  With respect to plaintiff's transfer to defendant of his interest in Windward Holdings, such transfer was for full and good consideration and with plaintiff's full and complete understanding and consent.

### SIXTH AFFIRMATIVE DEFENSE

54.  Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "53" of his Answer with full force and effect as if set forth at length herein.

55.  That defendant has never cut/pasted or forged plaintiff's signature on any document as alleged by plaintiff in his Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

56.  Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "55" of his Answer with full force and effect as if set forth at length herein.

57.  Plaintiff should be estopped from seeking any equitable relief upon the doctrine of unclean hands.

### AS AND FOR A FIRST COUNTERCLAIM

58.  Defendant repeats and reiterates each and every response and allegation contained

in paragraphs numbered "1" through "57" of his Answer with full force and effect as if set forth at length herein.

59. That plaintiff and defendant share an interest in the development of several parcels of real property, to wit: Middle Patent Road and 37 acres of undeveloped land in Putnam County owned by Bearhill Associates LLC ("Bearhill Property").

60. That plaintiff and defendant agreed to share the costs to develop Middle Patent Road and Bearhill Property.

61. That actual costs and expenses to develop Middle Patent Road and Bearhill Property have been paid and incurred.

62. That plaintiff has failed to pay his share of the development costs of Middle Patent Road and Bearhill Property and has caused defendant to expend more than his agreed share of the development costs and expenses.

63. That plaintiff's share of the development costs which have been expended to date and are currently due and owing to defendant is no less than $48,331.00

64. That defendant has been damaged by plaintiff's refusal to pay his share of the development costs in the sum of $48,331.00.

## AS AND FOR A SECOND COUNTERCLAIM

65. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "64" of his Answer with full force and effect as if set forth at length herein.

66. That there are currently unpaid costs and expenses which have accrued on the

development of Middle Patent Road and Bearhill Property.

67. That plaintiff's share of the unpaid costs and expenses which have accrued on the development of Middle Patent Road and Bearhill Property are $13,303.00

68. That there is now due and owing to plaintiff from defendant the sum of $13,303.00 for unpaid development costs and expenses.

## AS AND FOR A THIRD COUNTERCLAIM

69. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "68" of his Answer with full force and effect as if set forth at length herein.

70. That defendant has performed accounting services for plaintiff and May Construction for which plaintiff agreed to pay defendant.

71. That the agreed price and reasonable value of the accounting services which defendant has performed and supplied to plaintiff at his specific request and for which defendant has not been paid is $136,050.00.

72. That defendant has presented a statement of the amount due from plaintiff but plaintiff has refused to pay defendant despite his demand for payment.

73. That there is now due and owing from plaintiff to defendant for unpaid accounting fees the sum of $136,050.00 with interest at an agreed rate of 15% from August, 2007.

## AS AND FOR A FOURTH COUNTERCLAIM

74. Defendant repeats and reiterates each and every response and allegation contained in paragraphs numbered "1" through "73" of his Answer with full force and effect as if set forth

10

at length herein.

75. That defendant and plaintiff are incurring ongoing and continuing costs and expenses to develop Middle Patent Road and the Bearhill Property. If the development of the properties is not completed, their value will waste and will cause harm to both plaintiff and defendant.

76. That plaintiff has refused to pay his share of the development costs and expenses and defendant has been forced to bear the development costs at his sole expense.

77. That the court should direct defendant to deposit the sum of $200,000.00 in escrow as share of the future estimated costs to ensure the completion of the development of Middle Patent Road and Bearhill Property.

78. That without the aforementioned equitable relief, defendant will be irreparably harmed.

**WHEREFORE**, defendant respectfully requests that the court dismiss plaintiff's Amended Complaint in all respects and that the court grant judgment against plaintiff as follows:

1. On the First Counterclaim, the sum of $48,331.00

2. On the Second Counterclaim, the sum of $13,303.00

3. On the Third Counterclaim, the sum of $136,050.00;

4. On the Fourth Counterclaim, that the court direct plaintiff to deposit the sum of $200,000.00 into escrow;

5. Together such other and further relief as to the court seems just and proper.

Dated: White Plains, New York
December 21, 2007

11

Yours, etc.

_____
Peter T. Goodrich, Esq.
GOODRICH & BENDISH, ESQS.
Attorneys for Defendant
399 Knollwood Road, Suite 303
White Plains, New York 10603
(914)683-8484

TO: Attorney for Plaintiff
BRUCE SMALL PLLC
230 Park Avenue, Suite 2525
New York, NY 10169
(212) 785-5170

Attorney for Plaintiff
Brian Reis, Esq.
80 Broad Street - 33rd Floor
New York, NY 10004
(212) 983-0921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| YULY ARONSON,<br>　　　　　Plaintiff, | **CERTIFICATE OF SERVICE** |
| -against- | Case No. 07 CIV 9405 |
| ANTHONY BRANCA, | Assigned Judge: Kenneth M. Karas |
| 　　　　　Defendant | |

-------------------------------------------------------X

On December 21, 2007, the undersigned served the defendant's Answer and Counterclaim upon the attorneys for plaintiff, Yuly Aronson, by depositing a copy enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service addressed to: A. Bruce Small PLLC, 230 Park Avenue, Suite 2525, New York, NY 10169 and Brian H. Reis, 80 Broad Street, 33rd Floor, New York, New York 10004.

Dated: December 21, 2007
　　　　White Plains, NY

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Peter T. Goodrich, Esq. (PG-2443)
　　　　　　　　　　　　　　　　　　　　Goodrich & Bendish
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　399 Knollwood Raod
　　　　　　　　　　　　　　　　　　　　White Plains, NY 10603
　　　　　　　　　　　　　　　　　　　　(914) 683-8484
　　　　　　　　　　　　　　　　　　　　Email: law@goodrichandbendish.com

To:
Attorney for Plaintiff
Bruce Small PLLC
230 Park Avenue, Suite 2525
New York, NY 10169
(212) 785-5170

Attorney for Plaintiff
Law Office of Brian Reis
80 Broad Street – 33rd Floor
New York, NY 10004
212-983-0921



Yours, etc.

_____
Peter T. Goodrich, Esq.
GOODRICH & BENDISH, ESQS.
Attorneys for Defendant
399 Knollwood Road, Suite 303
White Plains, New York 10603
(914)683-8484

TO: Attorney for Plaintiff
BRUCE SMALL PLLC
230 Park Avenue, Suite 2525
New York, NY 10169
(212) 785-5170