UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YULY ARONSON,                              :    Case No.: 07 CIV 9405
                                           :    (KMK)
                     Plaintiff,            :
-against-                                  :    **MEMORANDUM OF LAW**
                                           :
                                           :
ANTHONY BRANCA,                            :
                                           :
                     Defendant.            :
-------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CIVIL CONTEMPT**

Plaintiff's Motion for Civil Contempt arises out of a violation of this Court's Temporary Restraining Order ("TRO") that is now a Preliminary Injunction. *Defendant admitted at his deposition that he sold property in violation of the order.*

**I. Relevant Facts and Procedural History**

The lawsuit at bar is for damages and equitable relief that arose from Defendant's alleged fraud and related unlawful conduct pertaining to business relationships between the parties. A copy of the Complaint is attached as **Exhibit A**. One of the companies at issue is Windward Holdings Corp. ("Windward"). On November 28, 2007, the Plaintiff obtained a TRO pursuant to FRCP 65(b). The TRO states in relevant part that:

> **After hearing and consideration, it is Ordered that, or further order of this court [*sic*], the Defendant is preliminarily enjoined from the <u>sale</u>, conveyance, transfer, encumbrance or pledging as collateral the following: […] <u>property held by or in the name of Windward Holdings Corp.</u> […]**

1

(emphasis added)  *See*, TRO dated November 28, 2008; appended hereto as **Exhibit B.**

Of note, the foregoing TRO was thereafter extended by subsequent orders (appended to Ex. B) and modified to become a Preliminary Injunction by Stipulation, *So Ordered* July 18, 2008, appended hereto as **Exhibit C**.

In the interim, on July 7, 2008, the Defendant's Examination Before Trial ("EBT") was taken at which time he was represented by counsel (Peter Goodrich, Esq.). A copy of the Transcript is appended as **Exhibit D**.

Pertaining to Windward, therein Defendant disclosed that in April 2008 Defendant violated the TRO by selling Windward's property located at 38 Seneca Street (*a/k/a* Seneca Walk), Ocean Bay Park, NY (the "Windward Property") without permission of this Court (or Plaintiff). Further, there has been no accounting or showing that the sale of the Windward Property was for valuable or proper consideration; the proceeds are missing too.

At the EBT and under oath, in response to the following questions by Plaintiff's Counsel (Brian Reis, Esq.), Defendant gave the following answers:

Q. What properties did Windward Holdings Corp. own, Mr. Branca?

A. Windward holdings Corp. owns a Fire Island house, it owns a piece of land down in Florida and 700 Sommer Street. Transcript, pg. 11, lines 11-15.

[…]

**Q. I just have one more question, Mr. Branca, for today. I just want to clarify one thing. 38 Seneca Walk was just sold in April?**

A.  Correct.  2008.

**Q. Was that a property that was held by Windward Holdings?**

2

A.   Yes.

[…]

Q. The TRO directed that no properties of Windward Holdings be sold, encumbered or pledged.

A. No it didn't, sir. It said none of the properties that belonged to Yuly Aronson or that Yuly Aronson claimed an interest in could be sold. If you take your shareholder agreement, it clearly states the 38 Seneca was not part of that deal.

MR. REIS: I have no further questions for you. Thank you. <u>Transcript, pg. 114, line 20 – pg. 145, line 15</u>.

## II. Argument

The Defendant's above-described actions were plainly in civil contempt of this Court's TRO despite incredulous protestation to the contrary. There is clear and convincing evidence that Defendant, by the above-described sale of the Windward Property, did not diligently attempt to comply and thereby violated the clear and unambiguous order of the Court.

**A. Civil Contempt has three (3) elements all of which have been proven by clear and convincing evidence.**

To find Civil Contempt, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. <u>King v. Allied Vision Ltd., 65 F.3d 1051, 1058 (2d Cir.1995)</u> (elements of civil contempt). The Plaintiff at bar has established all of the elements.

**1. The Order is clear and unambiguous.**

A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed," Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir.1988), who "must be able to ascertain from the four corners of the order precisely what acts are forbidden." *See,* Drywall Tapers, Local 1974 v. Local 530, Operative Plasterers Int'l Ass'n, 889 F.2d 389, 395 (2d Cir.1989), cert. denied, 494 U.S. 1030, 110 S.Ct. 1478, 108 L.Ed.2d 615 (1990). In the case at bar, the Court left no room for error or misinterpretation in its Order. The sale, conveyance, transfer, encumbrance or pledging as collateral of Windward Assets were all expressly prohibited. **Ex. B**.

**2. The proof of noncompliance is clear and convincing.**

Defendant's admissions under oath are direct evidence of the non-compliance. See FRE 804 (b)(3) Statement Against Interest. Moreover, pursuant to Rule 1007, "[c]ontents of things may be proved by the testimony or deposition of the party against whom offered or by that party's written admission, without accounting for the nonproduction of the original." As such, the Court may use the deposition transcript provided (Ex. D) as evidence in chief without the need for the undersigned to produce the original deposition transcript.

**3. The contemnor has not diligently attempted to comply in a reasonable manner.**

In the case at bar contemnor is the Defendant. His self-serving testimony that the Windward Property was not part of the TRO is absurd. Defendant shows that he either (i) did not even read the plain language of the TRO, or (ii) ignored the obvious language for his advantage.

4

As such, Defendant was far from reasonably diligent. Rather, his conduct was a flagrant disregard of the clear Order. Thus, the third prong for civil contempt vis a vis <u>King</u>, *supra*, has been satisfied as well.

**B. The violation is continuing.**

In addition to the illegal sale, which violated the TRO, Defendant has neither provided details (*e.g.*, sales contract, date of sale, etc.) nor accounted for the proceeds of the transaction. Since Defendant is still acting in violation of the order, now a preliminary injunction, by his secrecy and wasting of assets, *remedial sanctions* are necessary and proper to bring him into compliance. *See*, <u>Objective Solutions Intern., Ltd. v. Gammon</u> 2008 WL 538445 pg. 3, S.D.N.Y. 2008, *citing* <u>Paramedics Electromedia Comercial, Ltda. v. GE Med. Sys. Info Tech., Inc., 369 F.3d 645, 657 (2d Cir.2004)</u>; <u>Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc., 673 F.2d 53, 56 (2d. Cir.1982)</u>.

**II. Conclusion**

Defendant by admission violated the TRO and has failed to account. As such, he must be held in civil contempt. Accordingly, Plaintiff should be awarded return of the Windward Property and/or such security necessary to restore the Windward assets to their prior status and value, along with reasonable attorney's fees and costs for this motion, and for such relief deemed appropriate in the discretion of the Court.

5

Dated: August 8, 2008
     New York, NY

                              Respectfully,

                              Andrew Small, Esq. (AS-1294)
                              Law Office of Brian Reis, Esq.
                              80 Broad St. 33rd Fl.
                              New York, NY 10004
                              Direct Tel. 212.983.0921
                              Direct Fax: 212.656.1037
                              Email: abslawyer@comcast.net


To:    **Attorney for Defendant**
        Peter Goodrich, Esq.
        Goodrich & Bendish
        399 Knollwood Road, Ste. 303
        White Plains, NY 10603